## Cross' Estate

*Nelson P. Fegley*, for accountants.
*Francis T. Dennis* and *Joseph Kaplan*, for legatee.

HOLLAND, P. J., January 29, 1941.—Francis Thibault Cross died on September 27, 1938, leaving a will dated August 30, 1937, probated on October 6, 1938, on which the present letters were granted to the accountants, who were appointed executors.

In his will testator directed the sale of his real estate, thereby working an equitable conversion, and out of the proceeds of real and personal estate bequeathed certain pecuniary legacies. He also bequeathed certain specific legacies, and gave one half of the residue to the children of his great-uncle, Randolph Sower, and one half of the residue to the children of his great-aunt, Mary Crawford. The names of the legatees and the amounts of their pecuniary legacies, and the identity of the specific legacies are set forth on page 1 of the petition for adjudication.

The direction to convert real estate is contained in the paragraph of the will designated "Lastly", and gives the executors the discretion to sell the real estate "at such time and at such prices as to their judgment seem best", the proceeds thereof to be used to pay the legacies. He further provided in said paragraph that, if sufficient funds do not come into hand within six months after his decease to pay the pecuniary legacies, the executors are to borrow, on the real estate as security, sufficient funds to pay certain preferred legacies which he designates.

He directed the remaining legacies to await disposition of the properties . . .

The preferred legacies having been paid, and the balance for distribution representing, with the exception of an insignificant amount of cash ($20.12), rents of the real estate, the question is submitted as to whether these rents should be applied to the reduction of the mortgage or be applied to the unpaid postponed legacies.

It must be remembered that testator authorized the executors to mortgage the real estate to pay the preferred legacies. This they did. This action, as authorized by testator, placed a burden upon the real estate which was intended to be permanent until sold. The testator is silent as to whether the interest on the mortgage and other carrying charges are to be paid out of the principal of the real estate or out of the rents, but, as such charges are ordinarily paid out of rents, we are inclined to the opinion that that was his intention. We are certain, however, that he intended nothing more than that these carrying charges shall come out of the rents, and that the net balance of the rents shall be applied to the postponed legacies on account until the sale of the real estate, when any balances due upon them are to be paid out of the amount realized above the encumbrances. We hold, therefore, that the net balance of these rents for distribution is awardable on account of the unpaid legacies, and that the net rents, currently collected, must be applied from time to time at reasonable periods on account of said legacies, until they are paid in full or until the real estate is sold, and we so decree.

The remaining question submitted is as to when the postponed legacies are payable, and from what time interest or income upon them becomes due under section 21 of the Fiduciaries Act of June 7, 1917, P. L. 447, amended by the Act of June 24, 1939, P. L. 714, sec. 1. These legacies are not due until after the conversion of the real estate. The will provides: "The remaining legacies to wait

disposition of the properties." The above act provides: ". . . on all pecuniary legacies payable at a future period or upon contingencies or under other circumstances by which the payment and satisfaction of such legacies may be postponed or may not take place until a distant period after the death of such testator, interest at such rate shall begin to run from the time when such legacy becomes payable." Interest or income on these postponed legacies does not therefore begin until, according to the will, the real estate is converted. When it is to be converted appears by the will to be in the sound discretion of the executors. They must remember, however, that they are unequivocally directed to sell it, and must make reasonable efforts to do so.

The net ascertained balance of income composed of rents, and the small balance of principal, are awarded pro rata on the postponed and unpaid legacies, except that the accountants are permitted to retain therefrom a reasonable amount for carrying charges on the real estate, the same to be set up in the schedule of distribution.